IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
UNITED STATES OF AMERICA,   )
                            )
     v.                     )    1:17cr24 (JCC)
                            )
THOMAS TODD,                )
                            )
     Defendant.             )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Thomas Todd's ("Defendant") Motion to Dismiss Indictment. [Dkt. 46.] For the following reasons, the Court will deny Defendant's motion.

### I. Background

On December 5, 2016, the Government filed a criminal complaint charging Defendant with the unlawful possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g). [Dkt. 1.] Defendant's initial appearance occurred on December 13, 2016. [Dkt. 7.] On January 11, 2017, the Government and Defendant filed a joint motion to extend the time for indictment through and including February 14, 2017. [Dkt. 14.] The parties explained to the Court that an extension "would be in the best interests of justice in that it would give defense counsel an opportunity to meet with the defendant, to review discovery, and to discuss a possible pre-indictment plea

1

resolution of the case." [*Id.*, ¶ 2.] Defendant signed the joint motion and acknowledged that he was waiving his rights under the Speedy Trial Act (the "Act") knowingly, intentionally, and voluntarily, with the advice and consent of counsel. [*Id.* at 3.] Later that same day, Judge Brinkema granted the motion, finding that the "ends of justice" would be served by the requested extension. [Dkt. 15.]

On February 9, 2017, a federal grand jury returned an eight-count indictment against Defendant, charging him with (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); (2) attempt to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 1952 (Count Two); (3) use and discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); (4) attempt to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Count Four); (5) use and discharge of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Five); (6) unlawful possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g) (Count Six); (7) possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g) (Count Seven); and (8) possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count Eight). Indictment [Dkt. 16].

Defendant now moves to dismiss the entire indictment—or, alternatively, an evidentiary hearing about whether his waiver was knowing and voluntary—based upon the January 2017 Order. In support of this request, Defendant argues that his consent was not given in a knowing and voluntary manner and that "his then counsel misled him as to the content of the motion and its legal effect."[1] [Dkt. 46, ¶¶ 3, 11.] However, because Count Six is the only charge originally included in the Government's criminal complaint, [Dkt. 1], it is also the only charge at issue today.[2]

In response to Defendant's arguments, the Government contends that Defendant knowingly and voluntarily consented to extend the time for indictment; that the Act does not require Defendant's waiver or consent to a continuance, even if he had objected to one; and that, assuming a violation of the Act has

---

[1] Defendant conceded at oral argument that he was mentally competent at the time that he signed the joint motion to request an extension for time to indict.

[2] Dismissal is required under Section 3162 of the Speedy Trial Act "only of '*such* charge against the individual contained in *such* complaint.'" *United States v. Gaskins*, 364 F.3d 438, 451-52 (2d Cir. 2004) (citing *United States v. Napolitano*, 761 F.2d 135, 137 (2d Cir. 1985) (quoting 18 U.S.C. § 3162(a)(1))). "[T]his language must be read strictly. . . . [W]here complaint charges remain pending, courts will not dismiss an untimely indictment pursuant to § 3162(a)(1) if it pleads different charges from those in the complaint, and this applies even if the indictment charges 'arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint.'" *Id.* (citing *Napolitano,* 761 F.2d at 137). Several other circuits have similarly construed the dismissal sanction of § 3162(a)(1) narrowly. *See id.* (collecting cases from the Third, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits).

occurred, only a dismissal without prejudice of Count Six would be warranted. Gov't Opp. [Dkt. 47] at 1-2.

## II. Standard of Review

The Speedy Trial Act mandates that a grand jury must indict an individual within thirty days of his arrest "in connection with such charges." 18 U.S.C. § 3161(b). This thirty-day time limit may be extended by a court, however, whenever "the ends of justice . . . outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). The non-exhaustive list of factors that a court may consider before granting a continuance under the Act include, *inter alia*, whether the failure to do so "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv). The Act allows a court to grant an "ends of justice" continuance based not only on the defendant's motion, but upon the government's motion or *sua sponte*. *Id.* § 3161(h)(7)(A).

## III. Analysis

The Fourth Circuit has previously held that "if a defendant affirmatively consents to a motion for a continuance and the reasons for the granting of that motion as garnered from the record are sufficient to support a finding that the ends of justice would be met by granting the motion, the defendant

4

cannot take advantage of that discrete period of time covered by the continuance in asserting a violation of the Speedy Trial Act." *United States v. Keith*, 42 F.3d 234, 240 (4th Cir. 1994). To justify its reasoning, the court pointed out its desire to prevent defendants "from using the Act as a sword and a shield; sandbagging the court and the government by agreeing to a continuance and then later urging a dismissal using the time covered." *Id.* at 239.

Even in cases involving defendants who actively objected to the requested continuances, the result remains the same. *See, e.g., United States v. Bryant*, 1998 WL 39393, at *3-4 (4th Cir. Feb. 2, 1998) (unpublished) (per curiam). "To hold [otherwise] would put the district court in the precarious position of having to determine whether a defendant's legal counsel or the defendant himself is actually speaking for a defendant." *Id.* at *3. Moreover, such a ruling would permit "another sort of sandbagging, *i.e.* permitting a defendant to use the services of his counsel when it suited him, but disavowing his counsel's advice when that advice did not suit the defendant's purposes." *Id.* at *4. As a result, the Fourth Circuit found that the district court judge "was entitled to conclude, as he apparently did, that [defendant's] counsel spoke for him." *Id.* at *3.

5

Here, the Court finds that Judge Brinkema conducted the necessary "ends of justice" analysis before granting the parties' joint motion. The Court also finds that Judge Brinkema was entitled to conclude that Defendant's then-counsel spoke for him when that counsel represented to the Court that Defendant had agreed to waive his rights under the Act. But even if Defendant had actively objected to the requested extension and made those objections known to the Court—something he did not do until nearly two and a half months later, when Defendant requested new counsel—Judge Brinkema was still entitled to grant the extension under the Act based upon the "ends of justice" alone. Accordingly, the Court will deny Defendant's motion to dismiss the indictment. The Court will also deny Defendant's request for an evidentiary hearing.

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's motion. An appropriate order shall issue.

|  | /s/ |
|---|---|
| May 1, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |