UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

THOMAS JONATHAN TODD,
         *Petitioner/Defendant,*

            v.                                    No. 1:17-CR-24-MSN

UNITED STATES OF AMERICA,
         *Respondent.*

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner/Defendant's *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and motion for an evidentiary hearing. ECFs 275, 276. Both Petitioner and the government have fully briefed the issues raised in Petitioner's motion, and the matter is now ripe for disposition. For the following reasons, Petitioner's motion is DENIED.[1]

## I.    BACKGROUND

On March 9, 2018, following a jury trial at which Petitioner was found guilty on all counts, judgment was entered against Petitioner, Thomas Jonathan Todd, on eight counts: (1) conspiracy to commit Hobbs Act robbery; (2) attempt to commit Hobbs Act robbery; (3) use and discharge of a firearm during a crime of violence; (4) attempt to possess with intent to distribute marijuana; (5) use and discharge of a firearm during a drug trafficking crime; (6) possession of a firearm by a felon; (7) possession of ammunition by a felon; and (8) possession of a stolen firearm. ECF 172. Petitioner was sentenced to a term imprisonment of 192 months to be followed by five years of supervised release. *Id.* at 3.

---

[1] The motion, files, and records of the case conclusively show that the Petitioner is entitled to no relief. Accordingly, the Court will not hold an evidentiary hearing as to these claims. *See* 28 U.S.C. § 2255; *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964).

Petitioner filed a timely appeal of his conviction and sentence. ECF 175. On appeal, the Fourth Circuit Court of Appeals vacated Petitioner's conviction as to Count Three (§ 924(c)), affirmed all other counts, and remanded the case for resentencing. ECF 224 at 2. Upon resentencing, this Court imposed the same sentence of 192 months imprisonment and five years of supervised release. ECF 249. Petitioner appealed this amended judgment. The Fourth Circuit subsequently affirmed the amended judgment in its entirety. ECFs 253, 272.

On April 9, 2024, Petitioner moved *pro se* to vacate the amended judgment under 28 U.S.C. § 2255, alleging numerous claims of ineffective counsel against all eight of his defense attorneys. ECFs 275-77. Additionally, Petitioner requested an evidentiary hearing. ECF 276 at 9.

On July 26, 2024, this Court found that Petitioner waived attorney–client privilege pertaining to the allegations included in his motion and directed all eight of Petitioner's previous defense attorneys to submit affidavits responding to the allegations against them. ECF 286. They did so. ECFs 287, 289-95. Thereafter, on October 9, 2024, the government responded to Petitioner's motion. ECF 300. On February 25, 2025, Petitioner filed a *pro se* reply to his motion to vacate. ECF 304.

## II. History of Petitioner's Representation

Throughout these proceedings, Petitioner has been represented by eight different defense attorneys. A brief history of each counsel's involvement is as follows:

### A. Petitioner's First Attorney: Chong Park

On December 13, 2016, Chong Park was appointed to represent Petitioner. ECF 9. Thereafter, Petitioner consented to the government's motion for extension of time to indict and waived his right to assert any objections under the Speedy Trial Act. ECF 14 at 2. Subsequently, Petitioner entered a not guilty plea, waived a speedy trial, and demanded a trial by jury. ECF 23.

On March 31, 2017, Park moved to withdraw as Petitioner's attorney due to a "severing of the attorney-client relationship" which was granted by the Court. ECFs 34, 38.

### B.     Petitioner's Second Attorney: Robert Jenkins

Petitioner's second attorney, Robert Jenkins, was appointed on April 7, 2017. ECF 40. Thereafter, Petitioner moved to dismiss the indictment. ECF 46. At the motion hearing, Petitioner argued his previous consent to the indictment extension "was not given in a knowing and voluntary manner" and that Park "misled him as to the content of the motion and its legal effect." ECF 49 at 3 (internal quotations omitted). Petitioner conceded he was mentally competent at the time he signed the consent motion. *Id.* at 3 n.1. On May 1, 2017, Petitioner's motion to dismiss the indictment was denied. ECFs 49, 50. On May 8, 2017, Jenkins moved to withdraw as Petitioner's attorney "[d]ue to counsel's inability to effectively communicate with the defendant." ECF 53. The motion was granted that same day. ECF 55. At the hearing on Jenkins' motion to withdraw, Petitioner acknowledged that he had threatened Jenkins. ECF 58 at 1.

### C.     Petitioner's Third Attorney: David Deitch

Petitioner's third attorney, David Deitch, was appointed on May 9, 2017. ECF 56. Deitch filed numerous pre-trial motions and represented Petitioner at trial. ECFs 69-76, 117, 120, 147-151. Deitch continued to represent Petitioner through his first sentencing and filed Petitioner's initial appeal. ECFs 169, 175. On April 4, 2018, Deitch moved to withdraw as Petitioner's attorney due to a "deterioration" in their relationship following sentencing. *United States v. Todd*, No. 18-4161, 2022 WL 3210717, at ECF 5 (4th Cir. Aug. 9, 2022) ("First Todd Appeal").  That motion was granted on April 5, 2018. ECF 181 at 1.

### D.     Petitioner's Fourth Attorney: Steven Hanna

Steven Hanna was appointed as Petitioner's appellate counsel on April 5, 2018. *Id.* After Hanna filed Petitioner's appellate brief, Petitioner moved *pro se* to have new counsel appointed based on lack of communication from Hanna. First Todd Appeal, ECF 23. Hanna moved to dismiss the motion, which was granted. First Todd Appeal, ECFs 25-26. Petitioner filed a *pro se* motion to reconsider the dismissal of his motion for new counsel. That motion was also denied. First Todd Appeal, ECFs 30-31. Thereafter, Petitioner filed several *pro se* motions to relieve counsel. First Todd Appeal, ECFs 55-63, 66-71, 77-88, 90-92. Also during this period, Petitioner's appeal was placed in abeyance pending several decisions from both the Fourth Circuit and the Supreme Court. First Todd Appeal, ECFs 64, 74, 144, 227. On December 19, 2019, the Fourth Circuit finally granted a motion to relieve Hanna from further representation of Petitioner. First Todd Appeal, ECF 103.

### E.    Petitioner's Fifth Attorney: Mark Diamond

Petitioner's fifth attorney, Mark Diamond, was appointed as appellate counsel on December 19, 2019. *Id.* Approximately two months later, Petitioner moved *pro se* to relieve Diamond as counsel, which the court promptly denied. First Todd Appeal, ECFs 126-27. Thereafter, Petitioner again filed numerous *pro se* motions to relieve counsel. First Todd Appeal, ECFs 170-76, 190-95, 213, 216-17. These motions were denied. First Todd Appeal, ECF 227. On March 10, 2022, Diamond moved to withdraw as counsel after receiving a threatening letter from Petitioner. First Todd Appeal, ECFs 228, 230-31. The Fourth Circuit granted Diamond's motion to withdraw on March 11, 2022. First Todd Appeal, ECF 231.

### F.    Petitioner's Sixth Attorney: Emily Harrill

Petitioner's sixth attorney, Emily Harrill, was appointed as appellate counsel on March 11, 2022. First Todd Appeal, ECF 231. Harrill notified the Fourth Circuit of then-recently decided

Supreme Court precedent and requested the court lift the stay on Petitioner's appeal. First Todd Appeal, ECF 239. Following the Fourth Circuit's judgment vacating Count Three, Petitioner filed a *pro se* petition for rehearing as well as a *pro se* certiorari status form. First Todd Appeal, ECFs 251, 253. On October 17, 2022, Harrill moved to withdraw as counsel after finding "no meritorious/non-frivolous grounds upon which to seek a writ of certiorari." First Todd Appeal, ECF 262. The Fourth Circuit granted Harrill's motion to withdraw on November 9, 2022. First Todd Appeal, ECF 267.

### G.    Petitioner's Seventh Attorney: Elizabeth Van Pelt

Petitioner's seventh attorney, Elizabeth Van Pelt, was appointed on December 29, 2022 to represent Petitioner for purposes of resentencing. ECF 233. On January 10, 2023, Van Pelt moved to withdraw due to "a conflict of interest." *Id.* This Court granted Van Pelt's motion to withdraw on January 11, 2023. ECF 235.

### H.    Plaintiff's Eighth Attorney: Michael Sprano

Petitioner's eighth attorney, Michael Sprano, was appointed on January 13, 2023 and represented Petitioner at resentencing. ECFs 244, 248-49. Thereafter, Petitioner appealed the resentencing decision *pro se*, and Sprano was appointed counsel for that appeal. ECFs 253, 256. On February 6, 2024, Sprano moved to withdraw as appellate counsel citing "a fundamental and irreconcilable disagreement between counsel and client regarding the scope of representation and what issues can be legally raised on appeal." *United States v. Todd*, No. 23-4294, 2024 WL 863668, at ECF 37 (4th Cir. Feb. 29, 2024) ("Second Todd Appeal"). Petitioner filed an affirmative response to Sprano's motion to withdraw as counsel. Second Todd Appeal, ECF 39. The Fourth Circuit deferred consideration of the motion to withdraw as counsel pending review of Petitioner's appeal on the merits. Second Todd Appeal, ECF 41. On February 29, 2024, the Fourth Circuit

affirmed this Court's resentencing decision and denied Sprano's motion. ECF 272. As a result, Sprano moved again to withdraw as counsel once Petitioner notified Sprano that he intended to file a certiorari petition and wanted to represent himself. Second Todd Appeal, ECF 62 at 1. The Fourth Circuit granted this motion on August 14, 2024. Second Todd Appeal, ECF 66.

## III.    LEGAL STANDARD

Petitioner may challenge his sentence if, among other grounds, the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" where the petitioner shows that his sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). In challenging his sentence, the petitioner bears the burden of proving that his sentence is subject to collateral attack by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Petitioners can raise ineffective assistance of counsel claims as a collateral attack. *United States v. Martinez*, 136 F.3d 972, 979-80 (4th Cir.), *cert. denied*, 524 U.S. 960 (1998). To demonstrate ineffective assistance of counsel, a petitioner must show (1) that counsel's representation was deficient and, (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong, the petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In

analyzing these claims, if the petitioner makes an insufficient showing on one prong, the court need not address the other. *Id.* at 697.

## IV.    ANALYSIS

Petitioner argues that all eight of his previous defense attorneys were ineffective. ECFs 275-77. Specifically, Petitioner argues he received ineffective assistance of counsel regarding his waiver of speedy trial rights, the pre-trial plea process, the excusal of a witness during trial, the failure to file a *Mooney* motion, Petitioner's lack of access to discovery, the failure to assert certain claims during appeal, resentencing, and the failure to raise certain issues the Petitioner requested. Petitioner argues he is entitled to an evidentiary hearing to resolve these matters. None of the ineffective counsel arguments are availing because Petitioner fails to substantiate any claim under both prongs of *Strickland*. Additionally, Petitioner is not entitled to an evidentiary hearing because none of the forgoing claims have merit.

### A.    There is No Prejudice or Deficiency Related to Petitioner's Waiver of Speedy Trial Rights.

Petitioner alleges Park was ineffective for "tricking" Petitioner into signing an indictment extension, and Jenkins was ineffective for failing to adequately challenge the indictment. ECF 277 at 6-7. However, these arguments fail because the record conclusively contradicts Petitioner's claims.

As to the claim against Park, Petitioner attempts to challenge the validity of the indictment extension and the signed acknowledgment that Petitioner was waiving his rights under the Speedy Trial Act. ECF 277 at 6, 13. However, this Court has already ruled on this issue in response to defense's motion to dismiss the indictment decided on May 1, 2017. ECF 49. The Court found that the judge who granted the joint motion to extend the indictment "was entitled to conclude that Defendant's then-counsel spoke for him when that counsel represented to the Court that Defendant

had agreed to waive his rights under the Act." ECF 49 at 6. Further, the Court found that "even if Defendant had actively objected to the requested extension . . . [the judge] was still entitled to grant the extension under the Act based upon the 'ends of justice' alone." *Id.* Therefore, the record squarely contradicts that there was any prejudice caused by the indictment extension, regardless of whether Petitioner believed he had somehow been misled by his counsel.

As to the claim against Jenkins, Petitioner fails to overcome the strong presumption that counsel made reasonable arguments in support of defense's motion to dismiss the indictment. The law does not require counsel to raise every available nonfrivolous defense. *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009). Nor does the law require counsel to provide a rationale for dropping a weak claim above and beyond a reasonable appraisal of a claim's unlikelihood of success. *Id.* In the motion to dismiss the indictment, Jenkins argued that Petitioner "unknowingly and involuntarily" waived his rights under the Speedy Trial Act based on insufficient advice of counsel at the time. ECF 46 at 3. This was both a reasonable argument and the exact argument Petitioner made in his statements to the Court concerning Park and the consent motion. ECF 219 at 5. If this argument had succeeded in invalidating the consent motion, Jenkins would have successfully proved that the government failed to indict Petitioner within the statutory time limit. ECF 46 at 3. While Petitioner may now wish that counsel pursued another argument, a review of the motion to dismiss the indictment and the transcript of the motion hearing show that Jenkins acted as "an objectively reasonable attorney" would have under the circumstances. *Savion v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996). Thus, Petitioner fails to support this claim under the deficient performance prong.

### B.    Petitioner Fails to Identify a Plea Deficiency.

Petitioner makes three arguments regarding the pre-trial plea process. First, Petitioner argues that "all opportunities for making an informed . . . and voluntary decision or whether to

plea or not were taken from Petitioner when Counsel forced to plea [sic] not guilty." ECF 276 at 4. Second, Petitioner argues that counsel was ineffective for failing to explain and discuss Petitioner's options, possible consequences, and decision to opt to trial. *Id.* Third, Petitioner argues that ineffective assistance nullifies "Todd's not guilty plea because it was entered unknowingly, unintelligently, and involuntarily." *Id.* at 5. Petitioner asserts that "[h]ad Counsel apprised, properly informed, not misleaded [sic] or deceived Petitioner . . . Petitioner would not have proceeded to trial and or would have sought a more favorable outcome in plea offers." *Id.* at 4-5. However, these claims fail because the record contradicts Petitioner's allegations of deficient performance, and Petitioner fails to provide evidence of prejudice.

The record contradicts Petitioner's claim that counsel failed to discuss his options and that counsel forced Petitioner to enter a plea of not guilty. In sworn testimony at the motion hearing on April 6, 2017, Petitioner stated that Park "consulted with [him] on taking a plea a total of six times." ECF 219 at 8. Further, in his affidavit, Deitch "specifically recall[ed]" counseling Petitioner extensively on the decision whether to plead guilty or go to trial. ECF 293 at 4. Petitioner fails to show his counsel neglected to provide reasonable professional assistance with respect to the decision regarding whether to go to trial.

And even if Petitioner could show deficient performance, he has not met the standard to show prejudice. In *Lafler*, the Supreme Court established a three-part test for showing prejudice in ineffective counsel claims in the context of a rejected plea deal and a resulting not guilty plea. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Petitioner must show (1) that but for the ineffective advice of counsel there is a reasonable probability that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances, (2) that the

court would have accepted its terms, and (3) that the punishment under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. *Id.*

Petitioner offers no details regarding potential plea deals that were discussed pre-trial, failing to provide the Court with any evidence to conclude there is a reasonable probability he would have accepted a plea deal. Further, it is clear from the record that Petitioner has persistently maintained his innocence and disputed the facts of the offense. Without any evidence that different advice from counsel would have persuaded him to plead guilty, Petitioner cannot demonstrate prejudice. *United States v. Medina-Castellanos*, 623 F. App'x 611, 612 (4th Cir. 2015). Accordingly, Petitioner's claim is without merit.

### C. Counsel's Excusal of Witness Resulted in No Deficiency or Prejudice.

Petitioner argues that Deitch was ineffective for excusing a witness, Christopher Glover, without Petitioner's knowledge. ECF 277 at 14. However, this is not a valid ineffective assistance of counsel claim because he does not meet either prong of the *Strickland* test.

*Strickland* does not permit district courts to second guess an attorney's tactical decisions if there was a reasonable basis for them at the time. *See United States v. Alexander*, 789 F.2d 1046, 1051 (4th Cir. 1986). At Petitioner's request, Deitch subpoenaed Mr. Glover. ECF 228-1 at 10. However, after meeting with Mr. Glover and concluding that, if called to testify, Mr. Glover would corroborate the Government's allegations against Petitioner, Deitch excused Mr. Glover. ECF 293 at 10. Whether or not Deitch elicited Petitioner's consent to excuse Mr. Glover, this decision was a reasonable tactical decision made by counsel. Petitioner fails to show deficient performance.

Further, Petitioner provides no basis for the assumption that Mr. Glover's testimony would have benefited his defense at trial. The Court cannot conclude there is a reasonable probability Petitioner's trial would have resulted in acquittal but for the lack of Mr. Glover's testimony. *Strickland*, 466 U.S. at 694. Petitioner fails to show prejudice.

**D.      Petitioner Fails to Show Deficient Performance and Prejudice Regarding a
*Mooney* Motion.**

Petitioner asserts Deitch was ineffective for failing to file a "*Mooney* motion"[2] for

prosecutorial misconduct. ECF 277 at 14. Deitch admits that he did not file such a motion. ECF

293 at 12. Nonetheless, Petitioner's argument fails because Petitioner did not substantiate deficient

performance, and this Court's previous rulings contradict any claim of prejudice.

Petitioner fails to provide any evidence that a *Mooney* motion was appropriate in his case.

Petitioner asserts that he instructed Deitch to file a *Mooney* motion based on "the known use of

perjury" at his trial. ECF 277 at 14. However, Deitch does not recall Petitioner presenting him with

any evidence that the prosecutors had actual knowledge of perjury, a key fact distinguishing

Petitioner's case from *Mooney*. ECF 293 at 14. The Court also cannot identify any such evidence

beyond Petitioner's bare allegations.  ECF 277 at 11. Deitch, instead, found it more appropriate to

file a motion for a new trial. *Id.* Upon review of the record, there is no evidence to indicate that

this decision was "objectively unreasonable." *Strickland*, 466 U.S. at 689. Petitioner fails to

substantiate deficient performance.

Additionally, the motion for a new trial did in fact raise the "illegal search and seizure"

issue Petitioner wished to be included in a *Mooney* motion. ECF 277 at 14; ECF 159. The Court,

in denying the motion for a new trial, definitively rejected the argument that the purported

"evidence of illegal search and seizure" would be likely to result in acquittal. ECF 168 at 6.

Petitioner has not asserted any evidence that would lead the Court to a different conclusion now.

Thus, Petitioner fails to show prejudice.

**E.      Petitioner's Access to Discovery Did Not Result in Deficiency or Prejudice.**

---

[2] A "*Mooney*" motion is a motion that asserts prosecutorial misconduct, typically alleging that the
prosecution knowingly presented false or perjured testimony at trial. *Mooney v. Holohan*, 294 U.S.
103 (1935).

Petitioner argues that counsel was ineffective for failing to provide Petitioner access to discovery materials. ECF 276 at 7. The thrust of Petitioner's contention with access to discovery is Deitch's failure to present Petitioner with photographs of his vehicle before trial that would have "proven illegal search and seizure." ECF 277 at 14. Petitioner, however, does not show that this failure was the result of deficient performance or that it prejudiced the outcome of his trial.

First, Petitioner needs to show that Deitch was outside "the wide range of reasonable professional assistance" in failing to provide Petitioner these photographs before trial. *Strickland*, 466 U.S. at 689. In his affidavit, Deitch states that he applied for and was granted permission to bring his laptop into the jail, at which point Petitioner had the opportunity to review any evidence he wished to see. ECF 293 at 9. The record reflects that Petitioner did not receive a "tip" regarding the "importance" of the vehicle photographs until after trial. ECF 168 at 2. No evidence is provided to support a claim that Deitch was constitutionally ineffective in failing to identify these specific photographs out of the very extensive discovery materials in this case. Once the potential importance of these photographs was brought to Deitch's attention by Petitioner, Deitch sent Petitioner more than 280 photographs. ECF 159 at 3. Additionally, Deitch submitted Petitioner's statements about this "new evidence" as support for defense's motion for new trial. *Id.* The Court finds that Deitch's actions were "objectively reasonable" and did not violate the deficient performance prong.

Second, Petitioner also needs to show a reasonable probability that, but for counsel's failure to provide Petitioner access to this evidence, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. However, even if Petitioner saw these photographs pre-trial, there is no evidence to suggest that there is a reasonable probability that Petitioner would have identified their importance. Further, this Court denied Petitioner's motion for a new trial, rejecting

the assertion that the suppression of these photographs would have resulted in an acquittal. Specifically, this Court found that "the substantial evidence, not derived from the search of the automobile or the coconspirator's testimony, [] both corroborated the coconspirator's testimony and independently evidenced Defendant's guilt." ECF 168 at 6. Thus, Petitioner fails to establish prejudice.

### F.    Petitioner's First Appeal Counsel Acted Reasonably.

Petitioner asserts various complaints regarding ineffective assistance of each of his three appellate attorneys, claiming his counsel failed to raise various arguments. First, he argues that Hanna failed to raise issues regarding *Rehaif*, search and seizure, known procurement of perjury at trial, and speedy trial rights. ECF 277 at 8. Second, he argues that Diamond addressed perjury only "vaguely," provided a deficient *Rehaif* argument, and did not acknowledge search and seizure or speedy trial rights violations. *Id.* Third, he argues that Harrill "did nothing [and] wouldn't file a single thing." *Id.* However, all these arguments fail because all appellate counsel were reasonable in selecting arguments on appeal.

It is established "that the indigent defendant [does not have] a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Further, effective assistance of appellate counsel "does not require the presentation of all issues on appeal that may have merit." *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008). As a general matter, "only when ignored issues are clearly stronger than those presented" should the court find ineffective assistance for failure to pursue claims on appeal. *United States v. Mason*, 774 F.3d 824, 829 (4th Cir. 2014).

In view of the totality of the circumstances, Petitioner fails to establish that any of his three appellate attorneys advanced arguments or acted in an "objectively unreasonable" manner.

Counsel made reasonable and professional decisions about which arguments could most successfully be advanced on appeal. *Jones*, 463 U.S. at 752 ("There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review."). Petitioner fails to substantiate deficient performance.

Similarly, the record does not support a claim that Petitioner's preferred arguments were "clearly stronger than those presented" and that if presented, there is a reasonable probability they would have prevailed. Petitioner fails to show prejudice.

### G.    Petitioner's Resentencing Counsel Acted Reasonably.

Petitioner asserts claims of ineffective assistance of counsel regarding the two attorneys appointed to represent him at resentencing. Petitioner argues that he "kept catching [Van Pelt] lying." ECF 277 at 14. Petitioner also argues that Sprano "lied . . . saying [Petitioner] understood everything" regarding resentencing. *Id.* at 9. Petitioner, however, fails to sufficiently assert deficient performance and does not allege prejudice.

Van Pelt represented Petitioner for a total of twelve days before withdrawing due to a conflict of interest and appears to have taken no substantive action on Petitioner's case. ECFs 233, 287. There is not sufficient evidence to show deficient performance as to Van Pelt.

As to Sprano, the resentencing hearing transcript shows that Sprano met with Petitioner at Northern Neck Regional Jail to review the presentence report ("PSR") and spoke with Petitioner before the hearing to further discuss the details of resentencing. ECF 259 at 4. Sprano and Petitioner went over the PSR "paragraph by paragraph." *Id.* Sprano's statement to the Court regarding his review of the PSR with Petitioner was: "I believe he does understand it. I also believe that he disagrees with a lot of it." *Id.* The Court finds this to be an "objectively reasonable" conclusion for Sprano to draw under the circumstances. There is no further evidence to suggest

that Sprano acted beyond the "wide range of reasonable professional assistance" in preparation for or at Petitioner's resentencing hearing. *Strickland*, 466 U.S. at 689.

Petitioner does not allege, nor is there any relevant evidence in the record to suggest, that Sprano's representation resulted in prejudice.

### H.    All Other Claims Fail to Show Deficiency or Prejudice.

All remaining claims of ineffective assistance of counsel also fail. Judicial scrutiny of counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 689. Petitioner's generalized claims challenge that counsel did not raise certain issues throughout the proceedings. Many of these issues were raised and rejected by the Court at different stages. However, even if they were not, counsel "need not raise every possible claim to meet the constitutional standard of effectiveness." It is counsel's job to set priorities, determine trial strategy, and press those claims with the greatest chances of success. *See Mason*, 774 F.3d at 828; *Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989). Upon reviewing the record and in view of the totality of the circumstances, the Court finds that all counsel provided Petitioner with reasonable professional assistance throughout the course of his proceedings.

### I.    Petitioner is Not Entitled to a Hearing.

Petitioner requests an evidentiary hearing on these matters. ECF 276 at 9. However, Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrogated on other grounds by Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). The Court finds the record more than sufficient to rebut the allegations set forth in Petitioner's § 2255 filings. Therefore, Petitioner's request for an evidentiary hearing is denied.

## V.     CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that Petitioner's request for an evidentiary hearing is **DENIED**; and it is further,

**ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED**.

It is **SO ORDERED**.

_____

/s/

Michael S. Nachmanoff
United States District Judge

June 24, 2025
Alexandria, Virginia